```
                   UNITED STATES DISTRICT COURT
                        DISTRICT OF NEVADA
```

RAOUL M. PERSAUD,                    )    2:10-cv-02206-ECR-GWF
                                     )
    Plaintiff,                       )
                                     )
vs.                                  )    **Order**
                                     )
UNIVERSAL HEALTH SERVICES, INC.,     )
dba and aka SUMMERLIN HOSPITAL;      )
SUMMERLIN HOSPITAL MEDICAL CENTER    )
LLC dba SUMMERLIN HOSPITAL; DOES     )
1-10 and ROES 11-20, inclusive,      )
                                     )
    Defendants.                      )
                                     )
_____)

       This case arises out of the alleged wrongful termination of Plaintiff from his job as a Registered Nurse at Summerlin Hospital. Plaintiff alleges four causes of action, for: (i) violation of the Americans with Disabilities Act; (ii) fraud/misrepresentation; (iii) defamation; and (iv) negligent hiring, training and supervision.

## I. Factual Background

       Summerlin Hospital Medical Center LLC is a Nevada limited liability company doing business in Clark County, Nevada, where the alleged unlawful employment practices occurred. (Compl. ¶ 4(A) (#1 Ex. 1).)  Universal Health Services, Inc. is a Pennsylvania foreign corporation that operates twenty-four acute care hospitals. (Id.)

1  Plaintiffs allege that Defendants were the owners and/or operators
2  of the Summerlin Hospital in Clark County, Nevada, where the alleged
3  unlawful employment practices occurred and were Plaintiff's
4  employer(s) for purposes of 42 U.S.C. § 12111. (Id. ¶ 4(B)-(C).)
5  Plaintiff was a nurse employed by Defendants with more than ten
6  years experience in the nursing field. (Id. ¶¶ 6-7.)
7       Plaintiff was hired by Defendants as a Registered Nurse for
8  Defendants' Summerlin Hospital location on or about July 7, 2008.
9  (Id. ¶ 8.)  On or about December 12, 2008, Plaintiff was informed
10 that his Florida home was "ravaged by potentially toxic mold and
11 other damage" requiring immediate attention. (Id. ¶ 10.)  Plaintiff
12 asserts that he informed Defendants of this situation and that
13 Defendants told Plaintiff he could take time off to travel to
14 Florida to take care of the mold problem. (Id. ¶ 11.)  Accordingly,
15 Plaintiff took time off work from about December 14, 2008 through
16 January 2, 2009. (Id.)  During this time period, Plaintiff
17 represents that he provided Defendants with updates regarding the
18 situation, and was told not to worry because his time off had been
19 approved. (Id. ¶ 12.)  On or about January 15, 2009, Plaintiff
20 submitted medical documentation to Defendant stating that he was
21 diagnosed with a disability of plantar inflammation of his feet and
22 requesting that he be put on light duty for two weeks. (Id. ¶ 14.)
23 In response, Defendants told Plaintiff that he would be fired, and
24 Plaintiff was terminated on or around January 16, 2009 for
25 "unauthorized leave of absence." (Id. ¶¶ 14-15.)  Plaintiff alleges
26 that in support of his wrongful termination, Defendants provided him
27
28                                  2

1  with a fraudulent document containing his falsified signature. (Id.
2  ¶ 15.)
3       Plaintiff filed a charge of discrimination with the United
4  States Equal Employment Opportunity Commission ("EEOC"), Charge No.
5  487-2009-00977, based on discrimination in violation of the
6  Americans with Disabilities Act as set forth in 42 U.S.C. § 12101.
7  (Id. ¶ 2)  On or about June 17, 2010, the EEOC issued Plaintiff a
8  "Notice of Right to Sue," and Plaintiff commenced the present
9  lawsuit within ninety (90) days of receipt of said Notice. (Id.)
10 Plaintiff alleges that as a result of Defendants' conduct, he
11 suffered emotional distress, anguish, insecurity, damage to self-
12 esteem and self worth, shame and humiliation, lack of appetite, loss
13 of sleep and/or anxiety. (Id. ¶ 37.)
14
15                     **II. Procedural Background**
16      Plaintiff filed his complaint (#1 Ex. 1) in Nevada state court
17 on September 8, 2010.  Defendants were served with a summons and
18 complaint (#1 Ex. 1) on November 30, 2010.  Defendants filed a
19 Notice of Removal (#1) to remove the case to this Court on December
20 20, 2010.  On December 29, 2010, Defendants filed a partial motion
21 to dismiss (#6).  Plaintiff opposed (#11) and Defendants replied
22 (#13).  The motion is ripe, and we now rule on it.
23
24                    **III. Motion to Dismiss Standard**
25      Courts engage in a two-step analysis in ruling on a motion to
26 dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); Bell Atlantic
27 Corp. v. Twombly, 550 U.S. 544 (2007).  First, courts accept only
28
                                  3

non-conclusory allegations as true. <u>Iqbal</u>, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 555). Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Id.</u> Federal Rule of Civil Procedure 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." <u>Id.</u> at 1950. The Court must draw all reasonable inferences in favor of the plaintiff. <u>See</u> <u>Mohamed v. Jeppesen Dataplan, Inc.</u>, 579 F.3d 943, 949 (9th Cir. 2009).

After accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the Court must then determine whether the complaint "states a plausible claim for relief." <u>Iqbal</u>, 129 S. Ct. at 1949. (citing <u>Twombly</u>, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> at 1949 (citing <u>Twombly</u>, 550 U.S. at 556). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> A complaint that "pleads facts that are 'merely consistent with' a defendant's liability...'stops short of the line between possibility and plausibility of 'entitlement to relief.'" <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 557).

**IV. Defendants' Partial Motion (#6) to Dismiss**

4

1    Defendants move to dismiss Plaintiff's second cause of action
2 for fraud/misrepresentation, third cause of action for defamation,
3 and fourth cause of action for negligent hiring, training and
4 supervision pursuant to Federal Rule of Civil Procedure 12(b)(6) and
5 Federal Rule of Civil Procedure 9(b).
6    A. Plaintiff's Second Cause of Action for
7 Fraud/Misrepresentation
8    Plaintiff claims that Defendants falsely represented to
9 Plaintiff that he could take time off from his employment between
10 December 14, 2008 and January 2, 2009 and that Plaintiff relied on
11 such misrepresentations to his detriment. (Compl. ¶¶ 10-12, 15, 22-
12 25 (#1 Ex. 1).)
13    To state a claim for fraud in Nevada, a plaintiff must allege
14 that (i) the defendant made a false representation; (ii) the
15 defendant knew or believed the representation to be false; (iii) the
16 defendant intended to induce plaintiff to rely on the
17 misrepresentation; and (iv) the plaintiff suffered damages as a
18 result of his reliance. Urbina v. Homeview Lending, Inc., 681 F.
19 Supp. 2d 1254 (D. Nev. 2009).
20    Defendants allege that Plaintiff's claim fails to adequately
21 state a claim for fraud under the heightened pleading standard
22 established by Federal Rule of Civil Procedure 9.  Federal Rule of
23 Civil Procedure 9(b) provides that when "alleging fraud or mistake a
24 party must state with particularity the circumstances constituting
25 fraud or mistake."  Specifically, Nevada courts have found that a
26 complaint alleging fraud must state the "what, when, where, and how"
27 of the fraud. Wisdom v. Nevada, 2010 U.S. Dist. LEXIS 107993 at *21
28

5

1  (D. Nev. Oct. 8, 2010)(citing <u>Albert H. Wohlers & Co. v. Bartgis</u>,
2  969 P.2d 949, 957-58 (1998)).  The Ninth Circuit Court of Appeals
3  has found that Federal Rule of Civil Procedure 9(b) provides that a
4  claim for fraud must include "an account of the 'time, place, and
5  specific content of the representations as well as the identities of
6  the parties to the misrepresentations.'" <u>Swartz v. KMPG LLP</u>, 476
7  F.3d 756, 764 (9th Cir. 2007).

8       Where there are multiple defendants, Federal Rule of Civil
9  procedure 9(b) "does not allow a complaint to merely lump multiple
10 defendants together but 'requires plaintiffs to differentiate their
11 allegations when suing more than one defendant . . . and inform each
12 defendant separately of the allegations surrounding his alleged
13 participation in the fraud.'" <u>Id.</u> (quoting <u>Haskin v. R.J. Reynolds
14 Tobacco Co.</u>, 995 F. Supp. 1437, 1439 (M.D. Fla. 1998).  A plaintiff
15 must "at a minimum, identif[y] the role of [each] [defendant] in the
16 alleged fraud." <u>Id.</u> (quoting <u>Moore v. Kayport Package Express, Inc.</u>,
17 885 F.2d 531, 541 (9th Cir. 1989)).

18       As in <u>Swartz</u>, Plaintiff's complaint (#1) alleges, generally,
19 that the defendants engaged in fraudulent conduct, but does not
20 attribute specific misconduct to either Defendant. <u>Swartz</u>, 476 F.3d
21 at 765 (9th Cir. 2007).  Plaintiff has failed to inform each
22 defendant separately of its participation in the fraud. <u>Id.</u>  The
23 complaint (#1 Ex. 1) therefore fails to comply with the heightened
24 pleading standard for fraud set forth in Federal Rule of Civil
25 Procedure 9.  Plaintiff's second cause of action for fraud will,
26 therefore, be dismissed.

27       <u>B. Plaintiff's Third Cause of Action for Defamation</u>

28

1    Plaintiff claims that after he was terminated by Defendants on
2 or about January 16, 2009, Defendants made misrepresentations to
3 third parties including agents and/or employees of Defendants, that
4 Plaintiff "resigned in lieu of termination" and/or was terminated
5 for "unauthorized leave of absence." (Compl. ¶¶ 15, 29 (#1 Ex. 1).)
6    To state a claim for defamation in Nevada, a plaintiff must
7 allege (i) a false and defamatory statement of fact by the defendant
8 concerning the plaintiff; (ii) an unprivileged publication to a
9 third person; (iii) fault, amounting to at least negligence; and
10 (iv) actual or presumed damages. Chowdhry v. NLVH, 851 P.2d 459, 462
11 (Nev. 1993).  A plaintiff must plead these elements with factual
12 specificity in order to withstand a motion to dismiss. Gala v.
13 Britt, 2010 U.S. Dist. LEXIS 133429 at *13 (D. Nev. Dec. 15, 2010).
14 See Blank v. Hager, 360 F. Supp. 2d 1137, 1160 (D. Nev.
15 2005)(dismissing a defamation claim for failing to identify when and
16 to whom the defendant allegedly made the defamatory statements).
17 However, "[i]f the defamation tends to injure the plaintiff in his
18 or her business or profession, it is deemed defamation per se, and
19 damages will be presumed." Chowdhry, 851 P.2d at 462.
20    Defendants claim that Plaintiff does not plead his third cause
21 of action with the factual specificity necessary to survive a motion
22 to dismiss under Nevada law. (MTD at 3 (#6).) See Blank v. Hager,
23 360 F. Supp. 2d 1137, 1160 (D. Nev. 2005)(dismissing a defamation
24 claim for failing to identify when and to whom the defendant
25 allegedly made the defamatory statements); Gala v. Britt, 2010 U.S.
26 Dist. LEXIS 133429 at *14 (D. Nev. Dec. 15, 2010)(dismissing
27 defamation claim with prejudice because plaintiffs failed to allege
28

7

1  what defamatory statements were made, which of Defendants made the
2  statements, or to whom Defendants made the statements).  We
3  disagree.  Plaintiff has alleged who made the allegedly defamatory
4  statements and what statements were made, claiming that Defendants
5  stated that Plaintiff "resigned in lieu of termination" and/or was
6  terminated for "unauthorized leave of absence." (Compl. ¶ 15 (#1 Ex.
7  1).)  Plaintiff has further identified when and to whom such
8  statements were made, claiming that Defendants made the statements
9  to their agents and/or employees after January 16, 2009. (Id. ¶¶ 15,
10 29.)
11       Defendants claim that any publication between Defendants and
12 their agents and/or employees, such communications would be
13 protected by the common interest privilege and would not be
14 defamatory as a matter of law.  A qualified or conditional privilege
15 exists where a defamatory statement is made in good faith on any
16 subject matter in which the person communicating has an interest, or
17 in reference to which he has a right or a duty, if the statement is
18 made to a person with a corresponding interest or duty. Circus
19 Circus Hotels v. Witherspoon, 657 P.2d 101, 105 (1983).  The court
20 will determine whether a statement is capable of defamatory
21 construction and whether a privilege applies as a matter of law. Id.
22       Here, Plaintiffs allege that Defendants' statements were not
23 made in good faith.  Taking Plaintiff's allegations as true, we find
24 that Plaintiff has sufficiently stated a claim for defamation under
25 Nevada law at the motion to dismiss stage.  Defendants will have an
26 opportunity to answer Plaintiff's complaint (#1 Ex. 1) and to plead
27 any affirmative defenses, such as privilege.
28

1  Plaintiff's third cause of action for defamation will,
2 therefore, not be dismissed.
3  <u>C. Plaintiff's Fourth Cause of Action for Negligent Hiring,</u>
4 <u>Training and Supervision</u>
5  Plaintiff claims that Defendants failed to supervise, train and
6 hire appropriate personnel, resulting in damages to Plaintiff
7 including severe mental and emotional harm, anguish, insecurity,
8 damage to self-esteem and self-worth, shame and humiliation, lack of
9 appetite, loss of sleep and/or anxiety. (Compl. ¶ 37 (#1 Ex. 1).)
10  It is an open question whether a claim for negligent hiring,
11 training and supervision under Nevada law requires a plaintiff to
12 make a showing of actual physical harm or a threat thereof. This
13 District has speculated "that physical harm is necessary for a
14 negligent retention and supervision claim in Nevada." <u>Hall v.</u>
15 <u>Raley's</u>, 2010 U.S. Dist. LEXIS 727 (D. Nev. Jan. 6, 2010). Other
16 Judges in this District have recently certified the question to the
17 Nevada Supreme Court. <u>Robertson v. Wynn Las Vegas, LLC</u>, 2010 U.S.
18 Dist. LEXIS 81670 (D. Nev. Aug. 9, 2010). Until this issue has been
19 decided by the Nevada Supreme Court, we find it prudent to stay
20 proceedings with respect to a motion to dismiss based on an
21 allegation that a claim for negligent hiring, training and
22 supervision does not allege that the plaintiff suffered physical
23 harm or the threat thereof. <u>See, e.g.</u>, <u>Butler v. MGM Mirage</u>, 2010
24 U.S. Dist. LEXIS 122660 (D. Nev. Nov. 17, 2010).
25  Defendants argue that Plaintiff's fourth cause of action for
26 negligent hiring, training and supervision must be dismissed because
27 Plaintiff has not alleged physical harm or the threat thereof as a
28

9

result of Defendants' alleged negligence. (MTD at 9 (#6).) Alternatively, Defendants propose that the Court stay all activity related to Plaintiff's fourth cause of action and await clear direction from the Nevada Supreme Court as to whether Plaintiff's claim is viable. (Id. at 3.)

We find that proceedings with respect to Plaintiff's fourth cause of action for negligent hiring, training and supervision should be stayed pending the resolution of the question of law certified to the Nevada Supreme Court by this District's August 9, 2010 order (#20) in Robertson v. Wynn Las Vegas, LLC, 2010 U.S. Dist. LEXIS 81670 (D. Nev. Aug. 9, 2010).

### **V. Conclusion**

Plaintiff alleges four causes of action arising out of the alleged wrongful termination of Plaintiff from his job as a Registered Nurse at Summerlin Hospital, for: (i) violation of the Americans with Disabilities Act; (ii) fraud/misrepresentation; (iii) defamation; and (iv) negligent hiring, training and supervision.  In their partial motion (#6) to dismiss, Defendants move the court to dismiss Plaintiff's second, third and fourth causes of action.  We have determined that Plaintiff has not sufficiently pled a cause of action for fraud/misrepresentation under Federal Rule of Civil Procedure 9(b) because Plaintiff failed to inform each Defendant separately of its participation in the fraud.  We have further determined that Plaintiff has sufficiently pled a claim for defamation by alleging what statements were made by whom and to whom at what time.  Finally, we have found that proceedings with respect

to Plaintiff's fourth cause of action should be stayed pending resolution by the Nevada Supreme Court of the question of whether a claim for negligent hiring, training and supervision must include a showing that plaintiff suffered physical harm or the threat thereof.

**IT IS, THEREFORE, HEREBY ORDERED THAT** Defendants' motion (#6) to dismiss is **GRANTED in part** and **DENIED in part**:

**GRANTED** as to Plaintiff's second cause of action for fraud/misrepresentation;

**DENIED** as to Plaintiff's third cause of action for defamation; and

**DENIED** without prejudice as to Plaintiff's fourth cause of action for negligent hiring, training and supervision.

**IT IS FURTHER ORDERED THAT** all proceedings with respect to Plaintiff's fourth cause of action for negligent hiring, training and supervision are **STAYED** until the Nevada Supreme Court issues a mandate on the question of law certified to the Nevada Supreme Court by this District's August 9, 2010 order (#20) in <u>Robertson v. Wynn Las Vegas, LLC</u>, 2010 U.S. Dist. LEXIS 81670 (D. Nev. Aug. 9, 2010). Once the stay is lifted, Defendants may move to reinstate the partial motion to dismiss as to Plaintiff's fourth cause of action within twenty-eight (28) days of the date of the mandate of the Nevada Supreme Court.

**IT IS FURTHER ORDERED THAT** once the Nevada Supreme Court has issued its mandate, Defendants shall file a copy of the mandate and

11

decision with this Court within fourteen (14) days of the date thereof.

All other proceedings in this case will go forward, excepting those with respect to Plaintiff's fourth cause of action for negligent hiring, training and supervision.

DATED: May 5, 2011.

*Edward C. Reed.*
UNITED STATES DISTRICT JUDGE